**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                                   :
ANTHONY GIELLA,                    :
                                   :  Civil Action No. 06-2162 (RBK)
            Plaintiff,             :
                                   :
        v.                         :          O P I N I O N
                                   :
ROBERT J. MORAN, ESQUIRE,          :
et al.,                            :
            Defendants.            :
_____:
```

**APPEARANCES:**

Anthony Giella, Pro Se
Atlantic County Justice Facility
#134813
5060 Atlantic Avenue
Mays Landing, NJ 08330

**KUGLER, District Judge**

Plaintiff, Anthony Giella, currently incarcerated at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

<u>BACKGROUND</u>

Plaintiff seeks to sue Robert J. Moran and John Hehre, attorneys employed by the Public Defender's Office, and the Office of the Public Defender for violating his constitutional rights.  He states that the defendants have provided ineffective assistance of counsel.  Plaintiff contends that defendants are not prepared for his trial, are blocking his access to courts, have not properly investigated, and act against his interests.

Plaintiff asks for monetary damages for the Court to enjoin defendants from representing him.

<u>DISCUSSION</u>

**A.  <u>Section 1915 Review</u>**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  <u>Santana v. United</u>

2

States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the
congressional plan for curtailing meritless prisoner suits is the
requirement, embodied in 28 U.S.C. § 1915A(b), that a court must
dismiss, at the earliest practicable time, any prisoner actions
that are frivolous or malicious, fail to state a claim, or seek
monetary relief from immune defendants.  "A pro se complaint may
be dismissed for failure to state a claim only if it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"
Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting
Haines v. Kerner, 404 U.S. 519, 520 (1972)).

     In determining the sufficiency of a complaint, the Court
must be mindful to construe it liberally in favor of the
plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should
"accept as true all of the allegations in the complaint and
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, lend credit to a pro se plaintiff's "bald
assertions" or "legal conclusions."  Id.

**B.  42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff seeks to sue employees of the Public Defender's Office, and the Office for violations of his constitutional rights.  However, Plaintiff pleads no facts to suggest that counsel were state actors.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of

§ 1983." <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981)(holding that public defenders do not act under color of state law); <u>see also</u> <u>Steward v. Meeker</u>, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Therefore, Plaintiff's complaint will be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order accompanies this Opinion.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated:  May 24  , 2006